**John David ELLIOTT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

John David Elliott, pro se.

Robert Matthews, Atty. Gen., Robert Preston, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This is an appeal of a judgment denying relief in an RCr 11.42 action to vacate the appellant's March, 1965, judgment of conviction of the offense of storehouse breaking for which he was sentenced to three years' imprisonment.

The trial court granted the appellant's motion to appear in person at the hearing on his RCr 11.42 action, and thoroughly considered the grounds advanced for vacating the judgment of conviction. The gist of the matter is that Elliott was indicted on January 6, 1965, arraigned on January 28, 1965, when he was represented by counsel of his selection, and his trial set for February 17, 1965. On the latter date employed counsel withdrew from the case, the trial court appointed counsel to represent Elliott, and re-set the trial for March 8, 1965. On the same day (February 17, 1965) Elliott consulted at length with his appointed counsel, announced that he was going to Florida and went, and did not return to Kentucky until Sunday night, March 7, 1965, the night before his trial.

The record discloses that Elliott's only possible defense (since he admitted breaking into the storehouse) was that he was too drunk to know what he was doing at the time. The trial court submitted that defense to the jury under a proper instruction, but the jury found Elliott guilty. On the RCr 11.42 hearing it was shown that appointed counsel went out of his way to interview all known witnesses during El-liott's absence in Florida, and that appointed counsel had had considerable experience in the field of criminal law while serving in the Judge Advocate's section of the Army, and had successfully defended several persons in both State and Federal Courts since his release from military service.

It is obvious that Elliott had competent counsel at his trial, that everything possible was done to prepare a defense for him, and that his appointed counsel exercised good judgment in not objecting to a rather mild argument of the Commonwealth's Attorney, "don't give this boy a year," an argument which was so temperate that it could not have been unduly persuasive or prejudicial while an objection to it might have irked the jury.

The judgment is affirmed.